# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

SARAH J. SMITHSON,                )
                                  )
    **Plaintiff**                     )
                                  )    **No. 3:13-CV-01439**
v.                                )    **Judge Campbell/Brown**
                                  )    **Jury Demand**
DURATECH MEDICAL, INC.,           )
ENDOLITE a/k/a ENDOLITE NORTH     )
AMERICA LTD, AND                  )
BLATCHFORD, INC.,                 )
                                  )
    **Defendants**                    )

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

**I.**    **Jurisdiction and Venue LR 16.01(d)(2).**  Defendants removed this matter from the Circuit Court of Williamson County, Tennessee on the basis that this Court has subject matter jurisdiction pursuant to 28 USC § 1332(a) (diversity of citizenship and with an amount in controversy consistent with the jurisdictional requirements of the Court).  Plaintiff does not dispute jurisdiction or the appropriateness of venue in this Court.

**II.**    **Status of Service of Process and Responsive Pleadings:**

    1.    Service of Process: Defendants have been served with process.

    2.    Responsive Pleadings:  Defendants have filed responsive pleadings.

**III.**    **Theories of the Case and Claims and Defenses LR 16.01 (d)(2)(b):**

    **1.**    **Plaintiff's Theory:** In November 2012, plaintiff Sarah Smithson purchased a lower leg prosthetic from Defendant DuraTech Medical, Inc.  On or about November 25, 2012, as plaintiff was routinely moving around her residence, the prosthetic leg

**1**

broke causing Ms. Smithson to fall, fracture her hip, and ultimately undergo hip replacement surgery.

Plaintiff notified DuraTech Medical of the failure and returned the prosthetic to DuraTech Medical. By letter dated February 22, 2013, DuraTech Medical Associate General Counsel Paula Richmond advised plaintiff's counsel that DuraTech Medical conducted an internal investigation into the alleged failure of the device. Ms. Richmond advised plaintiff's counsel that DuraTech Medical's "analysis pointed to an issue with the foot component manufactured by Endolite." Ms. Richmond further advised that DuraTech Medical returned the foot component to Endolite, that Endolite would be performing their own internal investigation, and that Endolite would retain possession of the prosthetic. Based on the information currently available to plaintiff, and as stated in plaintiff's Complaint, it appears that Defendant DuraTech Medical and Defendant Blatchford (pursuant to the Joint Notice of Removal, Endolite is a division of Defendant Blatchford but is not a separate legal entity) participated in the manufacture, sale, and distribution of a "Product" that was in a "Dangerous Condition" as defined by T.C.A. § 29-28-102.

2.      **Defendant DuraTech Medical's Theory:** DuraTech Medical denies that it is liable to plaintiff under any theory and specifically denies that it was negligent in fitting and supplying to plaintiff a prosthetic ankle/foot device manufactured by Defendant Endolite and/or Defendant Blatchford, Inc. DuraTech Medical examined the device following the incident and determined that the foot shell was detached from the keel assembly. DuraTech Medical denies that it manufactured the components at issue and denies that it is responsible for this detachment or for plaintiff's alleged injuries. By way of further defense, DuraTech Medical will show (1) that it is a "seller" pursuant to T.C.A. § 29-28-106 and therefore shielded from liability to plaintiff;

2

and (2) alternatively, that plaintiff failed to give the required notice under T.C.A. § 29-26-121 regarding this claim for potential health care liability. DuraTech Medical also relies upon the doctrine of modified comparative fault, as some or all of plaintiff's injuries appear to be the result of conduct that cannot be attributed to DuraTech Medical.

       **3.**      **Defendant Blatchford's Theory:** Defendant Blatchford denies that it is liable to the plaintiff under any theory. Blatchford has not been able to determine the cause of the accident in question. Blatchford has not been able to determine whether any component part of the product was defective.

     **IV.**    **Issues in Dispute:**

       1.      Whether the subject product or any component of the product was improperly designed or improperly manufactured;

       2.      Whether the plaintiff's theories of liability apply to either of the defendants;

       3.      Whether the plaintiff was guilty of comparative fault;

       4.      Whether any third parties were guilty of comparative fault;

       5.      The amount of damages; and

       6.      Whether plaintiff gave proper notice to defendants of this potential health care claim.

     **V.**    **Current Status of Case:** Blatchford served written discovery on December 23, 2013. Responses were due on January 27, 2014.

     **VI.**    **Schedule of Pretrial Proceedings:**

3

1.     Initial Disclosures: The parties shall make their Rule 26(a)(1)(A)-(E) disclosures within **30 days** from the date of the Case Management Conference on February 18, 2014, or on or before March 20, 2014.

2.     Discovery: All fact discovery shall be completed on or before **October 1, 2014**.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and, if unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Brown. All discovery-related motions, if necessary, must be filed on or before **October 15, 2014**.

3.     Interrogatories: Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.01 shall be limited to **25** unless leave of Court is first obtained to submit additional interrogatories.

4.     Motions to Amend and/or Join Additional Parties: The deadline for filing motions to amend the pleadings or join parties is **August 18, 2014**.

5.     Disclosure of Experts:  The plaintiff shall identify all testifying expert witnesses, disclose all testifying expert reports, and provide all information specified in Rule 26(a)(2)(B) on or before **January 5, 2015**.  The defendants shall identify all testifying expert witnesses, disclose all testifying expert reports, and provide all information special in Rule 26(a)(2)(B) on or before **March 9, 2015**.

6.     Depositions of Expert Witnesses: The parties shall dispose all expert witnesses on or before **June 1, 2015**.

7.     Dispositive Motions: All dispositive motions shall be filed on or before **September 9, 2015**.  Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court.  Optional replies, limited to **five pages**,

4

shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

   **VII.** **Subsequent Case Management Conference.** A telephone conference with Magistrate Judge Brown to discuss case progress and alternative dispute resolution is set for **August 18, 2014, at 10:30 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

   **VIII.** **Target Trial Date:** This jury trial is estimated to take three or four days and is requested to begin on or after February 9, 2015. Judge Campbell will issue a separate order setting the date for trial and covering his requirements for the final pretrial conference and the trial.

   It is so **ORDERED**.

            _/s/ Joe B. Brown_____
            Joe B. Brown
            United States Magistrate Judge